IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| KENNETH ACKERMAN, et al., | * |
| Plaintiffs, | * |
| v. | * CIVIL NO.: WDQ-11-3442 |
| EXXONMOBIL CORPORATION, et al., | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Kenneth Ackerman and others[1] (the "Plaintiffs") sued ExxonMobil Corporation ("Exxon") and John R. Hicks (collectively the "Defendants") in the Circuit Court for Harford County, alleging nuisance, trespass, negligence, and strict liability. The Defendants removed the case, and the Plaintiffs moved to remand. For the following reasons, the Court will deny Plaintiffs' motion to shorten the Defendants' time to oppose remand.

I. Background

On June 30, 2004, hundreds of Fallston, Maryland, residents filed a putative class action ("*Koch*")[2] against Exxon alleging

---

[1] Ackerman is one of more than 750 plaintiffs. See ECF No 9, Ex. 1 at 1.

[2] *Koch v. Hicks*, Case No. 12-C-04-1834 (Cir. Ct. Harford Cnty. June 30, 2004).

that gasoline from an Exxon station had contaminated their properties.[3] ECF No. 1, Ex. 1. On October 15, 2004, Exxon removed the case, which was transferred to the Multidistrict Litigation Panel and assigned to the Southern District of New York. ECF No. 1, Ex. 2. On August 17, 2007, the case was remanded to the Harford County Circuit Court after the Second Circuit decided that the case had been removed improperly. ECF No. 1, Ex. 3; In re MTBE Prods. Liab. Litig., 488 F.3d 112 (2d Cir. 2007).

On February 18, 2010, the Harford County Circuit Court certified the class. ECF No. 1, Ex. 4. On June 16, 2011, the court decertified the class. ECF No. 1, Ex. 6. The plaintiffs in Koch amended the complaint to add former class members as individual plaintiffs. ECF No. 1 at 3.

On November 2, 2011, more than 750 former class members filed this action in the Harford County Circuit Court. The court has indicated a willingness to consolidate this suit with Koch, but has also expressed concern about "how [it] could possibly try this case with all of these parties and all of these properties at one time." ECF No. 9, Ex. 1 at 2, 3.

On November 29, 2011, the Defendants removed this action. ECF No. 2. On December 1, 2011, the Plaintiffs moved to remand

---

[3] The plaintiffs in this suit and Koch assert that their property was contaminated by methyl tertiary-butyl ether ("MBTE"), a gasoline additive. ECF No. 3 at 81, 84; ECF No. 1, Ex. 1 at 1.

2

or, in the alternative, abstain, and *Koch* plaintiffs amended their complaint to include all the Plaintiffs in this action. ECF No. 1 at 3. On December 2, 2011, the Plaintiffs moved to shorten the Defendants' time to oppose the motion to remand.[4] On December 6, 2011, the Defendants opposed the motion to shorten time. ECF No. 9.

II. Analysis

The Plaintiffs argue that removal "threatens to disrupt" the consolidated trial of this suit and *Koch*,[5] the Plaintiffs "have already been subjected to numerous delays" since filing *Koch*, and "the sole purpose for the Defendants' most recent removal is the delay of the proceedings." ECF No. 7 at 2. The Defendants counter that removal was proper under Section 1503 of the Energy Policy Act of 2005, which provides that state court lawsuits that allege MBTE contamination and are filed after August 8, 2005, may be removed to federal court.[6]

---

[4] Under the local rules, the Defendants' response in opposition is due on December 19, 2011. Local Rule 105.2. Plaintiffs asked for a December 8, 2011 deadline. ECF No. 7.

[5] The Plaintiffs argue that "[i]t was the Circuit Court's intent" to consolidate the actions and have "a unitary trial commencing in September 2012." ECF No. 7 at 2. The Harford County Circuit Court scheduled a pre-trial conference for August 30, 2012. ECF No. 1, Ex. 10 at 2.

[6] Pub. L. No. 109-58, §1503, 119 Stat. 594, 1076 (2005) ("Energy Policy Act").

3

Generally, "all memoranda in opposition to a motion shall be filed within fourteen (14) days of service of the motion." Local Rule 105.2. Local Rule 105.2 permits the Court to set a different deadline, but does not provide a standard by which to do so. *Id.*

Fed. R. Civ. P. 6(c)(1)(C) also provides for a 14-day prehearing notice for motions, but "permits longer or shorter notice periods when a court order sets a different time."[7] A court may issue such an order when a party shows "good cause." Fed. R. Civ. P. 6(c)(1)(C).

The Plaintiffs have not shown good cause for shortening the Defendants' time to oppose the motion for remand. Irrespective of whether the Defendants prevail in keeping the action in federal court, they have cited a statutory basis for removal. Thus, the Court cannot conclude that the only purpose for removal was a bad faith intent to cause delay. Moreover, the Plaintiffs have not shown how allowing the Defendants 14 days to respond would disrupt the schedule for a trial that is at least eight months away. Accordingly, the Court will deny the Plaintiffs' motion to shorten the Defendants' time to oppose the motion for remand.

---

[7] *Moore's Federal Practice*, § 6.07 (Matthew Bender 3d ed.) (internal citation and quotation marks omitted).

III. Conclusion

For the reasons stated above, the Court will deny the Plaintiffs' motion to shorten the Defendants' time to oppose the motion for remand.

Dec 12, 2011
Date

William D. Quarles, Jr.
United States District Judge