IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KENNETH ACKERMAN, *et al.*,

    Plaintiffs,

       v.                            CIVIL NO.: WDQ-11-3442

EXXONMOBIL CORPORATION, *et al.*,

    Defendants.

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Kenneth Ackerman and others[1] (the "Plaintiffs" or the "Ackerman Plaintiffs") sued ExxonMobil Corporation ("Exxon") and John R. Hicks (collectively the "Defendants") in the Circuit Court for Harford County, for gasoline contamination of their properties. The Defendants removed the case to this Court. For the following reasons, the Plaintiffs' motion to remand or, in the alternative, abstain will be granted in part and denied in part.

I. Background

On June 30, 2004, hundreds of Fallston, Maryland, residents filed a putative class action ("*Koch*")[2] against Exxon and Hicks,

---

[1] Ackerman is one of more than 750 plaintiffs. *See* ECF No 9, Ex. 1 at 1.

[2] *Koch v. Hicks*, Case No. 12-C-04-1834 (Cir. Ct. Harford Cnty. June 30, 2004).

alleging that gasoline from an Exxon station operated by Hicks had contaminated their properties.[3]  ECF No. 1, Ex. 1.  The putative class sought relief for negligence, nuisance, trespass, and violations of § 4-409 of the Environment Article of the Maryland Code, which governs liability for oil spills.  *Id.*  On October 15, 2004, Exxon removed the case, which was transferred to the Multidistrict Litigation Panel and assigned to the Southern District of New York.  ECF No. 1, Ex. 2.

On August 8, 2005, President George W. Bush signed the Energy Policy Act of 2005, which provides that state court lawsuits alleging MTBE contamination filed after that date may be removed to federal court.  Pub. L. No. 109-58, §1503, 119 Stat. 594, 1076 (2005) ("Energy Policy Act").

In 2006, document discovery began in *Koch*, and the Defendants deposed the named class representatives.  ECF No. 26, Ex. 1 at 1-2.

On August 17, 2007, *Koch* was remanded to the Harford County Circuit Court after the Second Circuit decided that the case had been removed improperly.  ECF No. 1, Ex. 3; *In re MTBE Prods. Liab. Litig.*, 488 F.3d 112 (2d Cir. 2007).

---

[3] The plaintiffs in this suit and *Koch* assert that their properties were contaminated by methyl tertiary-butyl ether ("MTBE"), a gasoline additive.  ECF No. 3 at 81, 84; ECF No. 1, Ex. 1 at 1.

In 2009, the Defendants again deposed the named class representatives in *Koch*.  ECF No. 26, Ex. 1 at 2.

On February 18, 2010, the Circuit Court for Harford County certified the class.  ECF No. 1, Ex. 4.  In fall 2010, the Plaintiffs reiterated written and oral demands for documents they had requested from the Defendants in 2006.  ECF No. 26, Ex. 1 at 1.

In early 2011, the Defendants deposed four proposed class representatives.  *Id.* at 2.  In March 2011, the Defendants deposed the Plaintiffs' hydrogeologic expert and received thousands of documents from her files.  *Id.*  In April 2011, the state judge met with counsel in chambers to discuss case administration.  *Id.*  In June 2011, the state court granted the Plaintiffs' motion to compel written discovery.  ECF No. 26, Ex. 1 at 1.  The parties have served interrogatories and requests for production of documents, and have exchanged thousands of documents and photographs.  *Id.* at 2.

On June 16, 2011, the court decertified the class.  ECF No. 1, Ex. 6.  By this time, the *Koch* plaintiffs had amended their complaint to allege negligence, nuisance, trespass, and strict liability.  *See* ECF No. 1, Ex. 6 at 1.  On October 26, 2011, the judge again met with counsel in chambers and asked the *Koch* plaintiffs to file new actions for the former class members, which he would consolidate with *Koch*.  ECF No. 26, Ex. 1 at 2.

3

On November 2, 2011, more than 750 former class members
filed this action in the Harford County Circuit Court, asserting
the same facts and state law causes of action as *Koch*
(negligence, nuisance, trespass, and strict liability). *See* ECF
No. 1, Ex. 7, Ex. 8.  On the same day, the *Koch* plaintiffs told
the court that they intended to amend their complaint.  ECF No.
1, Ex. 7.

On November 18, 2011, the court told the parties it would
"issue, at some point, some sort of an Order of Consolidation"
combining *Koch* with this action.  ECF No. 1, Ex. 9.  On November
28, 2011, the court told counsel that it had "held off" issuing
a consolidation order only because it had not yet determined the
budget, location, and other logistics of trial.  ECF No. 1, Ex.
10.

On November 29, 2011, the Defendants removed this action.
ECF No. 2.  On December 1, 2011, the *Koch* plaintiffs amended
their complaint to add all the individual Plaintiffs named in
this action, and the Plaintiffs moved to remand this case or, in
the alternative, abstain.  ECF No. 1, Ex. 11; ECF No. 1.

Through the week of December 12, 2011, the *Koch* plaintiffs
continued to receive thousands of documents in discovery from
Exxon's subcontractors.  ECF No. 26, Ex. 1 at 2.

On December 19, 2011, the Defendants opposed the
Plaintiffs' motion to remand this case.  ECF No. 24.  On
December 21, 2011, the Plaintiffs filed a reply.  ECF No. 26.

II. Analysis

In moving to remand, the Plaintiffs argue that (1) the
Defendants' removal is time-barred, and (2) the Defendants
waived their right to remove by litigating *Koch* in state court
for many years.  ECF No. 1 at 5-9.  Alternatively, the
Plaintiffs ask the Court to abstain from exercising jurisdiction
because "[p]roceeding with this separate action will only
introduce delay, inevitably duplicate the efforts of another
court, squander scarce judicial resources, and risk the entry of
inconsistent verdicts."  *Id.* at 12.

A. Remand

The Defendants' removal was timely.  Section 1503 of the
Energy Policy Act provides that state court lawsuits that allege
MTBE contamination and are filed after August 8, 2005, may be
removed to federal court.[4]  Notice of removal of the civil action
must be filed within 30 days after the defendant receives "the
initial pleading."  28 U.S.C. § 1446(b).  This case was filed on
November 2, 2011, and the Defendants removed it on November 29,

---

[4] Pub. L. No. 109-58, §1503, 119 Stat. 594, 1076 (2005) ("Energy
Policy Act").  *See also In re MTBE Prods. Liab. Litig.*, 674 F.
Supp. 2d 494, 503-04 (S.D.N.Y. 2009) ("Section 1503, by its own
terms, creates federal jurisdiction over all MTBE-related
cases.").

2011 -- within 30 days of receiving the initial pleading (the complaint).

The Plaintiffs wrongly contend that the *Koch* complaint is the initial pleading for purposes of the removal deadline.  ECF No. 1 at 6.  They argue that the *Koch* putative class encompassed the Plaintiffs, the class was certified, the Plaintiffs "reaffirmed their participation in this litigation" by filing this complaint after class decertification, and the state court "always intended to consolidate" the two cases.  *Id.*  Thus, the Plaintiffs contend that "[i]t strains credulity" that the Defendants first learned of the Plaintiffs' claims in 2011.  *Id.* at 6-7.

The flaw in the Plaintiffs' argument is that this case is distinct from *Koch*, even if it asserts identical facts and legal theories.  "[A]n individual class member's claim is extinguished when a class is decertified."[5]  Former class members may file individual actions, and the statute of limitations will begin

---

[5] *Woodward v. United Parcel Serv., Inc.*, 306 F. Supp. 2d 567, 573 (D.S.C. 2004).  *See also* Fed. R. Civ. P. 23(c)(1) advisory committee's note (1966) (denial of certification "means that the action should be stripped of its character as a class action" and become "a nonclass action").  The Maryland class action rule, Rule 2-231, is derived from the 1966 version of the federal rule, and the Maryland Court of Appeals considers federal authority in interpreting the Maryland rule.  *See, e.g.*, *Philip Morris USA, Inc. v. Christensen*, 905 A.2d 340, 355-56 (Md. 2006).

running only after the class is decertified.[6]  But the Court has
not found -- and the Plaintiffs have not cited -- any Maryland
case holding that the former class members' individual actions
relate back to the date that the putative class action was
filed.

When the state court decertified the *Koch* class action, it
effectively dismissed without prejudice the former class
members' individual claims, allowing them to file this action.
That the state court intended to consolidate this case with *Koch*
did not change the Defendants' deadline to remove under 28
U.S.C. § 1446(b).  When the Defendants removed this action, it
remained distinct from *Koch*, and the initial pleading, for
purposes of the removal deadline, was the complaint in this
action.  Removal was timely.

The Defendants did not waive their right to remove by
litigating *Koch* in Harford County.  A defendant waives its right
to removal only by demonstrating "clear and unequivocal intent
to remain in state court," and "such a waiver should only be
found in extreme situations."  *Grubb v. Donegal Mut. Ins. Co.*,
935 F.2d 57, 59 (4th Cir. 1991).  A defendant who takes no
"substantial affirmative steps in state court" has not made such

---

[6] *See Christensen*, 905 A.2d at 342 ("the pendency of a putative
class action tolls the statute of limitations on the causes of
action asserted in the class action complaint for the putative
class members").

a waiver.  *See id.*  After the Plaintiffs filed this action, the Defendants filed no motions or answer.  They promptly removed within 30 days.  Because *Koch* is a separate action, the Defendants' litigation of *Koch* in state court did not waive their right to remove this action.  Thus, the Court will deny the Plaintiffs' motion to remand.

B. Abstention

The Plaintiffs argue alternatively that the Court should abstain from exercising jurisdiction because this case duplicates *Koch*, a contemporaneous state proceeding.  ECF No. 1 at 9.  The Defendants counter that this action and *Koch* are not parallel, and no exceptional circumstances justify abstention. ECF No. 24 at 11-16.

Under the *Colorado River* abstention doctrine,[7] a district court may abstain from exercising jurisdiction "in the exceptional circumstances where a federal case duplicates contemporaneous state proceedings, and wise judicial administration, giving regard to conservation of judicial resources, and comprehensive disposition of litigation clearly favors abstention."  *Vulcan Chem. Techs., Inc. v. Barker*, 297 F.3d 332, 340-41 (2002) (internal citation and quotation marks omitted).

---

[7] This doctrine was first recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

The Supreme Court has "declined to prescribe a hard and fast rule" for determining whether *Colorado River* abstention is appropriate. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). The "threshold question" is "whether there are parallel federal and state suits." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006). "Suits are parallel if substantially the same parties[8] litigate substantially the same issues[9] in different forums." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 464 (4th Cir. 2005).

If parallel suits exist, the Court "must carefully balance" six factors: (1) "whether the subject matter of the litigation involves property where the first court may assume *in rem* jurisdiction to the exclusion of others," (2) the relative

---

[8] "While it is true that the parties in *Colorado River* were not identical to the parties in the 'parallel' state action, at least the federal plaintiff was a party to the state action." *Great Am. Ins. Co.*, 468 F.3d at 208. By contrast, a "lack of similarity of the parties" exists when the defendant in a federal action is not a defendant in the state action. *Id.*

[9] *Compare Vulcan Chem. Techs., Inc.*, 297 F.3d at 340 (federal action was parallel to state action when both sought "to apply the same law in deciding whether to enforce or vacate the same arbitration award"), *with Great Am. Ins. Co.*, 468 F.3d at 208 (claims not parallel when issues litigated in state court action would not include facts necessary to prove federal claim, and remedies sought in federal and state actions were "entirely different"); *Gannett Co. v. Clark Constr. Grp., Inc.*, 286 F.3d 737, 743 (4th Cir. 2002) (federal contract suit was not parallel to state lien action, because the suits "involve[d] different issues with different requisites of proof," and the actions sought different remedies).

convenience of the federal forum, (3) "the desirability of
avoiding piecemeal litigation," (4) the order in which state and
federal courts obtained jurisdiction, and the progress achieved
in each action, (5) the presence of federal-law issues, and (6)
whether the state forum would adequately protect the parties'
interests.[10]  "No one factor is necessarily determinative," and
the court's decision must not "rest on a mechanical checklist."
*Colo. River Water Conservation Dist.*, 424 U.S. at 818-19.
Rather, the court must apply the factors in "a pragmatic,
flexible manner with a view to the realities of the case at
hand," *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, taking into
account "both the obligation to exercise jurisdiction and the
combination of factors counseling against that exercise," *Colo.
River Water Conservation Dist.*, 424 U.S. at 818.

    1. Parallel Proceedings

    The Plaintiffs argue that, when *Koch* was amended, it became
"a *perfectly parallel* action" with "all of the same plaintiffs,
all of the same causes of action, all of the same experts, all
of the same exhibits."  ECF No. 26 at 3 (emphasis in original).
The Defendants counter that "the post-removal 'amendment' of
*Koch* is a legal nullity," because, "[a]s of November 29, this
Court had exclusive jurisdiction over all of the *Ackerman*

---

[10] *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463-64 (*citing
Moses H. Cone Mem'l Hosp.*, 460 U.S. at 15-16, 24-27).

Plaintiffs' claims"; thus, the state court had no authority to amend *Koch* to include the Plaintiffs here.  ECF No. 24 at 4. The Defendants further contend that, because none of the plaintiffs is the same, the actions are not parallel: "[n]ot a single one of the Plaintiff's claims here will be completely resolved in *Koch*."  *Id.* at 15.

To determine whether a parallel proceeding exists, the Court will assume that *Koch* includes the Plaintiffs here.  The Anti-Injunction Act generally prohibits a district court from enjoining state proceedings "except as expressly authorized by an act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  *See* 28 U.S.C. § 2283.  Thus, absent some exception, the Court lacks authority to strike the amendment of the *Koch* complaint as a legal nullity.

One exception to the Anti-Injunction Act is 28 U.S.C. § 1446(d), which provides that, when a case is removed, "the State court shall proceed no further" -- in the *removed* action -- "unless and until the case is remanded."[11]  The provision does

---

[11] *See Vendo Co. v. Lektro Vend Corp.*, 433 U.S. 623, 640 (1977) (plurality opinion) ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."); 17A *Moore's Federal Practice*, § 121.06 (Matthew Bender 3d ed.) ("Federal courts have long recognized removal actions as an 'expressly authorized' exception to the Anti-Injunction Act.").

not bar the state court from proceeding in a separate state action.[12]   Nonetheless, courts "have taken the next logical step" and concluded that an injunction is authorized" if a plaintiff fraudulently files a second state lawsuit "to undermine the removal statutes."[13]   *Faye v. High's of Balt.*, 541 F. Supp. 2d 752, 759 (D. Md. 2008).[14]

---

[12] *See, e.g.*, *Lou v. Belzberg*, 834 F.2d 730, 740 (9th Cir. 1987) ("a federal court may enjoin the continued prosecution *of the same case* in state court after its removal) (emphasis added), *cert. denied*, 485 U.S. 993 (1988); *Jett v. Zink*, 474 F.2d 149, 153 (5th Cir. 1973) ("a federal district court after removal may enjoin further proceedings *in that action*") (emphasis added), *cert. denied*, *Sterling Oil of Okla., Inc. v. Chamberlain*, 414 U.S. 854 (1973).

[13] *See, e.g.*, *Quackenbush v. Allstate Ins. Co.*, 121 F.3d 1372, 1378 (9th Cir. 1997) (internal citation and quotation marks omitted) (when a case has been removed, a district court may enjoin proceedings in a separate state action if it was "fraudulently filed in an attempt to subvert the removal of a prior case"); *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 901 (5th Cir. 1975) (per curiam) ("Normally, where no fraud is found, the second action brought in state court should not be enjoined.").

[14] For instance, in *Faye*, the plaintiff moved for leave to amend his complaint after the Court denied his motion to remand.   *Id.* at 754.   The complaint alleged both state and federal causes of action, and had been removed on the basis of the federal claims. *Faye*, 541 F. Supp. 2d at 754-55.   While the motion was still pending, the plaintiff filed a second state action asserting the same state claims in the removed action.   *Id.*   He then filed an amended complaint in the federal action that eliminated the state law claims, but did not tell the Court of the second-filed lawsuit or his intent to eliminate the state claims.   *Id.* Finding that the second suit "constituted an attempt to subvert this Court's supplemental jurisdiction and [the] defendant's right to removal," the Court enjoined the second state action. *Id.* at 760.   *See also Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 77 F.3d 1063, 1070-71 (8th Cir. 1996)

"Of course, the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 151 (1988) (emphasis in original). Enjoining a state proceeding under an exception to the statute is discretionary, *see id.*, and the exceptions "are construed narrowly," *Emp'rs Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1130 (4th Cir. 1995), *cert. denied*, 516 U.S. 1094 (1996). "Prevention of frequent federal court intervention is important to make the dual system [of federal and state courts] work effectively." *Chick Kam Choo*, 486 U.S. at 146.

Here, the Defendants have not sought, nor has this Court granted, an injunction of the *Koch* proceedings. Thus, nothing prohibits the state court from amending the *Koch* complaint to include the Plaintiffs here. Although the Plaintiffs concede that *Koch* was amended after the removal of this action "to blunt" the perceived "dilatory tactics of the Defendants," ECF No. 1 at 3, the amendment was not an attempt to fraudulently undermine the removal statutes. The Plaintiffs told the state court and the Defendants weeks before removal that *Koch* would be amended. ECF No. 1, Ex. 7. *Koch* was not amended to obtain a

(upholding the district court's injunction of a second state action, which attempted to subvert the removal of an earlier case, because the plaintiff "made clear . . . that the purpose of filing the second action was to obtain a favorable decision in the [state] courts on the statute of limitations issue decided by [the federal] court"), *cert. denied*, 519 U.S. 948 (1996).

favorable decision on an issue this Court has already decided, *see Kansas Pub. Emps. Ret. Sys.*, 77 F.3d at 1070-71, nor have the Plaintiffs misled the Court about the existence and amendment of *Koch*, *see Faye*, 541 F. Supp. 2d at 574.  Absent fraud, a secondary state action should not be enjoined.  *See Frith*, 512 F.2d at 901.

The primary purposes of amending *Koch* were not to fraudulently defeat this Court's jurisdiction, but to comply with the state court's instructions and to ease administration of the litigation after class decertification.  The parties had already extensively litigated the matter in state court, served interrogatories and requests for documents, exchanged thousands of documents and photographs, twice deposed the named class representatives, deposed other plaintiffs and an expert, and met with the judge several times to discuss case administration. ECF No. 26, Ex. 1 at 1-2.  After decertification, the state court asked the *Koch* plaintiffs to amend *Koch* and file new actions for the former class members, which the court planned to consolidate after determining the budget, location, and other logistics of trial.  ECF No. 26, Ex. 1 at 2; ECF No. 1, Ex. 7, 10.

Amending *Koch* is not akin to the fraud found in *Faye*. Moreover, even if an injunction were permissible, the Court would not be bound to issue it.  *See Chick Kam Choo*, 486 U.S. at

14

151. In light of the unusual circumstances of this litigation, the Court finds that enjoining the *Koch* amendment would undermine the important goal of preserving an effective "dual system of federal and state courts." *Id.* at 146.

Amending *Koch* to add the Plaintiffs here may appear to be "an end run around 28 U.S.C. § 1446(d)," *see* ECF No. 24 at 5, but there is a distinction.  Had the Plaintiffs merely amended *Koch* -- rather than filing this separate action -- the Defendants would not have been able to remove these claims. Under Maryland law, adding a new plaintiff triggers the relation back doctrine.[15]  Had the Ackerman Plaintiffs been added to *Koch*, their claims would have related back to the *Koch* filing date[16] --

_____

[15] So long as the "additional plaintiff will merely be sharing in the damage award, and will not be 'pyramiding' the original damage amount requested." *Grand-Pierre v. Montgomery County*, 627 A.2d 550, 554 (Md. Ct. Spec. App. 2008).  The Defendants erroneously contend that the Plaintiffs here each seek $90 million in addition to the damages sought in *Koch*.  ECF No. 24 at 6.  In fact, the *Koch* class action complaint did not request a specified damages amount, only "the full amount of compensatory and punitive damages permitted by law as determined by the trier of fact."  ECF No. 1, Ex. 1 at 11, 13-14, 17.  The Plaintiffs here were members of the *Koch* class before decertification, so their claims for relief would have been included in the amount sought in *Koch*.

[16] The addition of the new plaintiffs would have related back to the date of the original complaint because the amendment would not have been "asserting new causes of action against the [D]efendants," but rather "simply refin[ing] and clarif[ying] the allegations of the initial complaint by more precisely stating the proper plaintiff[s] who [were] injured by the [D]efendants' allegedly . . . . negligent conduct." *Zappone v. Liberty Life Ins. Co.*, 706 A.2d 1060, 1072 (Md. 1998).

before the Energy Policy Act allowed removal of these types of claims.[17]

Because *Koch* and this action have the same parties, factual assertions, and legal claims, the Court finds that the proceedings are parallel,[18] and will proceed to the second step in the abstention analysis.

2. Balance of Factors

The Plaintiffs argue that the first two of the six factors are neutral and the rest "demand abstention." ECF No. 1 at 11. The Defendants contend that, on balance, the factors show that

---

[17] The Court's analysis is also guided by the principle that "[r]ules of practice and procedure are devised to promote the ends of justice, not to defeat them."  *Hormel v. Helvering*, 312 U.S. 552, 557 (1941).

[18] Had *Koch* not been amended to include the *Ackerman* Plaintiffs, the proceedings would still be parallel.  The defendants are identical in both actions, *see Colo. River Water Dist.*, 424 U.S. at 805-06, the factual assertions and claims are identical, *see Vulcan Chem. Techs., Inc.*, 297 F.3d at 340, and the remedies sought are the same, *see Great Am. Ins. Co.*, 468 F.3d at 208. The Defendants do not persuade the Court otherwise with citation to *Extra Storage Space, LLC v. Maisel-Hollins Dev. Co.*  In that case, the Court found that the proceedings were not parallel because the state court "[would] not address many of the claims alleged in this Court," and "[could] not provide a complete resolution to the issues between the parties." 527 F. Supp. 2d 462, 467 (D. Md. 2007).  Unlike this litigation, the *Extra Storage Space* federal action involved legal claims not before the state court.  *Id.* at 466.  By contrast, the legal claims in the state and federal actions here are identical.  The state court litigation would be "an adequate vehicle for complete and prompt resolution of the issues," *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.  Indeed, the state court's decision on these same facts and issues would be "conclusive" under the doctrine of collateral estoppel.  *See Colandrea v. Wilde Lake Cmty. Ass'n, Inc.*, 761 A.2d 899, 908-09 (Md. 2000).

16

"no exceptional circumstances exist" to support abstention.   ECF No. 24 at 13.

The Court agrees with the Plaintiffs.   Taking "a pragmatic, flexible" approach to "the realities of the case at hand," *see Moses H. Cone Mem'l Hosp.*, 460 U.S. at 13, the Court finds that the balance of factors counsel abstention.

The first factor is inapplicable: the subject matter of the litigation does not involve property "where the first court may assume in rem jurisdiction to the exclusion of others." *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463.

The second factor -- whether the federal forum is inconvenient -- weighs in favor of abstention.   The federal forum is inconvenient "not because of distance, as in *Colorado River*, but because of the stage of development of the state action[]."[19]   The parties have already extensively litigated in Harford County and have served interrogatories and requests for documents, exchanged thousands of documents and photographs, and deposed an expert and many plaintiffs.   ECF No. 26, Ex. 1 at 1-2.   "To repeat discovery in this case would be the exact waste

---

[19] *Brandenburg v. First Md. Sav. & Loan, Inc.*, 660 F. Supp. 717, 735 (D. Md. 1987), *aff'd Brandenburg v. Seidel*, 859 F.2d 1179 (4th Cir. 1988).   *See also Awah v. Best Buy Stores*, Case No. DKC-10-2748, 2010 WL 4963014, at *4 (D. Md. Nov. 30, 2010) (abstaining because, *inter alia*, "the federal court case is in its infancy, having just been filed, and the state court case filed six months earlier has proceeded through hearing, scheduling, and the advent of discovery").

of judicial effort sought to be avoided by the Colorado River doctrine." *Brandenburg*, 660 F. Supp. at 735.

The parties agree that the third factor -- avoiding piecemeal litigation -- supports abstention.[20]  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Gannett Co.*, 286 F.3d at 744 (internal citation and quotation marks omitted).  Here, the Court would be adjudicating the same factual assertions and claims as the state court.  Abstention would avoid piecemeal litigation.

The Defendants caution that abstention is inappropriate unless retaining federal jurisdiction would "create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation," or the litigation "is particularly ill-suited for resolution in duplicate forums." ECF No. 24 at 14 (*quoting Gannett Co.*, 286 F.3d at 744).  It is true that the "mere potential for conflict in the results of adjudications, does not, *without more*, warrant staying exercise of federal jurisdiction." *Chase Brexton Health Servs., Inc.*, 411 F.3d at 465 (*quoting Colorado River Water Dist.*, 424 U.S. at 816) (emphasis added).  But here "there can be no doubt that the

---

[20] While conceding that the factor "arguably weighs a little in favor of abstention," the Defendants argue it "is not sufficient to support a decision to abstain."  ECF No. 24 at 14 (internal citation and quotation marks omitted).

issues raised in both proceedings are virtually identical and that the efforts of both courts are very likely to overlap."[21] Moreover, the possibility of piecemeal litigation is just one factor counseling abstention.

The fourth factor -- the order in which the courts obtained jurisdiction and the progress achieved in each action -- strongly supports abstention. *Koch* was filed in state court almost eight years ago. ECF No. 1, Ex. 1. The case was removed to federal court and remanded in 2007. ECF No 1, Ex. 3. Since then, the state court has retained jurisdiction of the matter, and met several times with the parties to discuss the logistics of trial. ECF No. 26, Ex. 1 at 2. The parties have engaged in extensive discovery, including depositions of plaintiffs and at least one expert, interrogatories, document requests, and the exchange of thousands of photographs and documents. *Id*. at 1-2. *Koch* is scheduled for trial in September 2012. ECF No. 24 at 15. In this Court, the parties have litigated only the

---

[21] *Seneca One Fin., Inc. v. Structured Asset Funding, LLC.*, Case No. DKC-10-1704, 2010 WL 4449444, at *6 (D. Md. Nov. 4, 2010) (the likelihood of "serious res judicata problems" weighed "heavily in favor of abstention"). *See also Automated Sys. & Programming, Inc. v. Cross*, 176 F. Supp. 2d 458, 463 (D. Md. 2001) ("The present suit is thus not merely another piece of the litigation; it is essentially the same piece that the parties are contesting in the state proceedings.").

questions of remand and abstention. "Plainly, this disparate progression of the cases weighs in favor of abstention."[22]

The fifth factor -- whether state or federal law provides the rule of decision on the merits -- also counsels abstention. All the Plaintiffs' claims sound in state law: negligence, nuisance, trespass, and strict liability for abnormally dangerous activity on land. ECF No. 1, Ex. 1, 8. The lack of a question of federal law "points forcefully toward abstention."[23] That this action was removed under the Energy Policy Act does

---

[22] *Matisyasic v. Access Controls, Inc.*, 991 F.2d 790 (table), 1993 WL 100054, at *2 (4th Cir. Apr. 6, 1993) (per curiam) ("[o]ver six months of discovery followed services of process in the state proceeding, while the federal action remained dormant"). *See also Copeland v. Copeland*, 134 F.3d 362 (table), 1998 WL 45445, at *2 (4th Cir. 1998) (per curiam) (affirming district court's abstention because, *inter alia*, "the state court assumed jurisdiction over the matter two years prior to the commencement of the federal action"); *Md. Reclamation Assocs., Inc. v. Harford County*, Case No. HAR-93-1291, 1993 WL 460835, at *5 (D. Md. Oct. 27, 1993) (abstention warranted, partly because "substantial time and resources have already been expended in the earlier-filed state action, and the state and federal actions involve the same events").

[23] *Automated Sys. & Programming, Inc.*, 176 F. Supp. 2d at 463. *See also Matisyasic*, 1993 WL 100054, at *1 ("since [Plaintiff's] allegations rest on application of Maryland law, the source of law also counsels against retention of jurisdiction"); *Awah*, 2011 WL 4963014, at *4 (abstaining because, *inter alia*, "the case at issue solely involve[d] the presence of state law issues"); *Beck v. CKD Praha Holding, A.S.*, 999 F. Supp. 652, 657 (D. Md. 1998) (abstaining because, *inter alia*, "state, not federal law govern[ed] all aspects of Plaintiffs' claims, giving the state court a substantially greater interest in adjudicating this controversy"); *Domingo v. Paul*, Case No. HAR-92-686, 1992 WL 333842, at *7 (D. Md. Nov. 5, 1992) (abstaining because, *inter alia*, "Plaintiffs' federal complaint raises no question or cause of action under federal law").

not counsel otherwise.  Defendants argue that the act is "a
voluminous and comprehensive scheme of federal regulation," and
the "specially created right to remove would be hollow if
removal meant only abstention."  ECF No. 24 at 16.  But removal
means "only abstention" if the balance of several factors -- not
simply the presence of state law -- persuades the Court to
refrain from exercising jurisdiction.  Moreover, the removal
provision is not "part of a comprehensive statutory scheme to
channel MTBE cases to federal courts."[24]

     The final factor -- the adequacy of the state proceedings
to protect the parties' rights -- suggests that abstention is
proper.  This litigation involves only state law claims, which
are "distinctly tied to the State" of Maryland.[25]  Moreover, the
state court has become familiar with these particular parties
and their properties over the past several years.

     In sum, the Court finds that this litigation presents the
rare, exceptional circumstances when wise judicial
administration counsels abstention.  *See Vulcan Chem. Techs.,*

---

[24] *See Alban v. Exxon Mobil Corp.*, Case Nos. MJG-06-3098, MJG-06-
3176, 2006 WL 6161862, at *3 (D. Md. Dec. 27, 2006) ("This
contention . . . is contradicted by the fact that Congress did
not give federal courts original jurisdiction of MTBE cases").

[25] *Covance Labs., Inc. v. Orantes*, 338 F. Supp. 2d 613, 619 (D.
Md. 2004).  *See also Seneca One Fin., Inc.*, 2010 WL 4449444, at
*7 (state court was an adequate forum because it was "fully
capable of providing relief to either party").

*Inc.*, 297 F.3d at 340-41.  Accordingly, the Court will stay this action[26] pending the outcome of the state proceedings in *Koch*.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion to remand or, in the alternative, abstain will be granted in part and denied in part.

_____
Date  1/12/12

_____
William D. Quarles, Jr.
United States District Judge

---

[26] "[A] district court may stay an action seeking damages but generally may not subject it to 'outright dismissal or remand.'" *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000) (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996)).